Eliphalet Tinker and Benjamin F. Craft vs. Guy C. Irvin.

A sheriff's sale was set aside, and new fi. fa. allowed to issue, where a general agent of the receiver, of the plaintiffs' estate, bid off the premises at sheriff's sale for the benefit of the receiver, on an execution in favor of the plaintiffs against the defendant, whose premises were sold; the agent having been incorrectly informed as to prior incumbrances, by the sheriff, at the day of sale, on whom he relied for information.

*Motion at the last October term to set aside sheriff's sale and subsequent proceedings, and for new execution on the following facts :*—The plaintiffs on the 30th July, 1841, recovered a judgment against the defendant for $206·95. Execution was issued to the sheriff of Chautauque county August 30th, following: Craft was nominal plaintiff only; Tinker became insolvent on or about the 23d day of May, 1840, and made an assignment of all his property for the benefit of his creditors. A bill was filed, and Henry Keep was appointed receiver of the property and effects, on or about the 31st day of March, 1842. The said receiver took possession of said property as such receiver, and of the said judgment and execution. Chancey Tucker was appointed the receiver's agent, and took charge of said judgment and execution and had the whole control of it; said agent directed the sheriff to proceed on the execution and close it up by sale of the defendant's property if any could be found, if not to return it; on the 19th day of August, 1842, said sheriff informed said agent that the sale of certain real estate of defendant's was to take place on said execution immediately—on that day, and desired the agent to attend and bid upon the same, for the receiver. Said agent knew nothing of the sale till so informed on the day of sale; when said agent arrived at the place of sale, which was at Maysville in said county, a few rods from the clerk's office of said county, where said agent was

attending court, the hour of sale had passed, and the sheriff had actually opened the sale, said agent then enquired of the sheriff whether the property was incumbered, the sheriff replied, the only incumbrance was a balance due upon a mortgage to John Jacob Astor, of about $2000. Said agent told the sheriff he wished to know exactly about the incumbrances before bidding, and suggested a postponement of the sale until the necessary examination, as to incumbrances, could be made; the sheriff replied that he had made a full examination as to incumbrances, and knew all about it, and that agent could not get as much information, as to the incumbrances, by examining the records as he the sheriff had; for the reason that the records would not show what incumbrances had been paid, and that he, the sheriff, had obtained his information by enquiry from the proper sources—that all the incumbrances had been paid except the balance above mentioned. Said sheriff also said to said agent that said balance would undoubtedly be paid by the defendant, before the time of redemption on the sheriff's sale would expire; the agent knew that the land was worth more than the said balance and the execution; the receiver knew nothing of the property, and the agent had the sole direction of the execution, and he knew nothing of the incumbrances, except what the sheriff told him; the sheriff knew of no other incumbrances except the said mortgage; the said agent gave up any further attempt at postponement, and bid off the land for the amount of the execution, and took the sheriff's certificate to the said receiver. Said agent supposed the land would be redeemed. At October term of Chautauque common pleas, the sheriff told said agent that the defendant had not redeemed, and the said agent then learned for the first time that there was another mortgage on said premises of over $13,000, prior to said judgment and execution, and the land was then advertised for sale on said mortgage, for the 4th day of November, 1843. And the mortgaged premises were not worth over $8000. Said agent bid off the land in good faith, and as he believed, for the best interests of his principal. Irvin was a man of property, and said agent supposed for that reason the land was not incumbered, and that said defendant would redeem; and he also supposed the sheriff knew all about the property from his having for some time been sheriff or deputy, and his having done business with defendant; said mortgages were recorded in said clerk's office, and said premises were sold on said mortgages for $8000. Now unless said sale is set aside the judgment and execution will be lost. The papers

8

for the motion were served on .defendant in Pennsylvania, where he resides.

C. Tucker, *Plff's Atty.*                    A. Hazeltine, *Defts Atty.*

Nelson, Chief Justice.—Granted the motion on payment of costs of opposing motion.